

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Theodore Levin United States Courthouse
231 W. Lafayette Boulevard
Detroit, Michigan 48226

**Margaret A. Robison**,

      Plaintiff,                                        Case No. 2:15cv-11725-AC-APP

vs.                                                Hon. Avern Cohn

**Wixom Grand River Associates, L.P.**
a Florida Limited Liability Company,
d/b/a Meadowood Park Apartments,

      Defendant.

---

## PLAINTIFF'S AMENDED COMPLAINT and
## REQUEST FOR APPOINTMENT OF ATTORNEY

    **Margaret A. Robison**, for her Amended Complaint, states as follows:

1.    Margaret A. Robison ("Plaintiff"), is an individual currently residing in the City of Wixom, Oakland County, Michigan.

2.    Wixom Grand River Associates, L.P. is, upon information and belief, a limited partnership located in Orange County, Florida, currently conducting business in Oakland County, Michigan, as Meadowood Park Apartments ("Defendant").

3.    The present matter involves federal questions under the Fair Housing Act, 42 U.S.C. 3601 *et seq.*, and Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*

4.    Plaintiff is entitled to bring this action under 42 U.S.C. §3613.



## Facts

5.     Plaintiff is a medically disabled individual and has been a tenant of Defendant since 2008.

6.     Plaintiff moved into Defendant's apartment complex due to the availability of a unit that was near a handicap parking space which was a material inducement to enter into a lease with Defendant.

7.     Having informed Defendant of her disability and use of her state issued Handicap Parking Permit, Plaintiff availed herself of the handicapped parking space closest to her apartment unit.

8.     Shortly after taking residence, in calendar year 2010, without notice or warning of any kind, Defendant removed the handicapped sign utilized by Plaintiff and replaced the sign with a notation that the parking space was "reserved".

9.     Plaintiff immediately contacted Defendant's on-site manager and protested the removal of the handicap sign and requested that the "reserved" sign be removed and the handicap sign be reinstalled.

10.    Plaintiff reasonably believed that by designating the parking space "reserved" and not a statutorily mandated the handicap space anyone could park in that spot without sanctions or violation of laws, or without anyone to enforce this intended limitation.

11.    Despite numerous and continuous protests and complaints, Defendant refused to restore the handicap parking sign and stated in essence that the reserved space was sufficient.

12.    As a result, Plaintiff was more often than not forced to park a greater distance from her apartment unit and was required to walk an inordinate distance to and from her vehicle despite her physical handicap and limitations, causing extreme pain, physical discomfort and

putting her safety at risk.

13. Despite Plaintiff's continued complaints about this issue and request for accommodation Defendant refused to take any action to assist Plaintiff and/or restore the handicap sign.

14. All the while Plaintiff continued to seek resolution of this matter with Defendant but to no avail.

15. Plaintiff's fears about not being able to park closely to her apartment unit were particularly realized on February 28, 2013, when a moving van was discovered in the reserved parking place. See photograph attached as **Exhibit A**.

16. The driver of the van refused Plaintiff's request to move thus Plaintiff was forced to walk a greater distance through the ice and snow to reach her apartment causing her not only physical pain, but also exposing her to the icy conditions and possibly of injury.

17. Again, on March 12, 2013, Plaintiff came home to find an Art Van truck in the "reserved parking space" and as on the prior occasion, the driver refused Plaintiff's request to move and again Plaintiff had to walk a greater distance to reach her apartment exacerbating her physical pain. See photograph attached as **Exhibit B**.

18. In 2013 Plaintiff filed a complaint with the Department of Housing and Urban Development ("HUD") regarding the handicap sign issue (Case No. 05-14-0056-8) ("HUD Complaint").

19. On September 7, 2013, Plaintiff came home and found another moving van in the reserved parking place and again Plaintiff requested the van to move so she could park but they refused to do so. **Exhibit C**.

20. On or about November 13, 2013, HUD, in an interview with Defendants' representative, Kelly Zeisloft (sic), suggested in essence that because the Defendant does not receive any

3

"federal assistance" and only has been provided "some tax credits" and because Defendant allotted two percent (2%) of their parking spaces to "handicap parking spaces," they were in full compliance. See HUD Memo to File attached as **Exhibit D**.

21. Further, Defendant's representative stated to HUD that Plaintiff has not presented documentary evidence by medical professionals to prove that she is handicapped.

22. Also, Defendant's representative reiterated statements previously made to Plaintiff that she (Plaintiff) would have to bear the costs of "curb cuts" at a cost of between $1,000.00 and $1,600.00 if she wanted a handicapped space installed. Exhibit C.

23. On November 6, 2015, having previously contacted her State Representative Klint Kesto, Plaintiff received a letter from Representative Kesto encouraging Plaintiff to take legal action against Defendant. See letter attached as **Exhibit E**.

24. On November 15, 2013, two days after Defendant's agent was interviewed by HUD (Exhibit C), Plaintiff returned home late in the evening from a meeting with State Representative Kesto, regarding the handicap parking issue and once again discovered a vehicle parked in her reserved parking space.

25. As directed by Defendant's agent and as set forth at the November 13, 2013 meeting with HUD, Plaintiff contacted the Defendant's representative requesting that he require the tenant to vacate the space.

26. Defendant's representative, George Moses, advised Plaintiff that he did not have the authority to make such a request to a tenant and that he would have to consult with the Defendant's apartment manager whether to require the offending tenant to move her vehicle.

27. Mr. Moses, after consulting with Defendant's manager, Lisa Osler, attempted to minimize

and make light of the request stating that Plaintiff should just "make nice with the new neighbor," however, the car was eventually moved.  See statement from witness Lochrisha Howes attached as **Exhibit F**.

28.   Further, notwithstanding the fact that in March 2013 Defendant verified with the State of Michigan that Plaintiff was indeed handicapped and entitled to a handicap parking permit, Defendant demanded that Plaintiff provide personal and confidential medical records to verify same.

29.   Still in a continuing effort to have the handicapped sign reinstalled and at the request of Defendant, Plaintiff was required to submit medical records to Defendant to "prove" that she was disabled.

30.   On November 18, 2013, the City of Wixom determined that Defendant failed to provide an adequate number of Barrier Free Design Parking (BFD) in front of building #1 in which Plaintiff resides.  See letter from City of Wixom attached as **Exhibit G**.

31.   On November 25, 2013, the BFD sidewalk cut was completed by Defendant and was approved on December 3, 2013.

32.   On December 2, 2013 and again on December 4, 2013, upon demand of Defendant and contrary to federal statutes, Plaintiff reluctantly provided her personal medical records to Defendant for their review to determine if Plaintiff was indeed "handicapped".  See attached **Exhibit H**.

## COUNT I - VIOLATION OF 42 U.S.C. §3601
## FAIR HOUSING ACT - DISCRIMINATION

33.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 above, as though fully set forth herein.

34.    Defendant is subject to the provisions of 42 U.S.C. §3601, *et seq.*, currently known as the Fair Housing Act (the "Act").

35.    Pursuant to 42 U.S.C. §3604, Defendant is prohibited from discriminating against individuals or families in the sale or rental of property based upon handicap.

36.    Further pursuant to 42 U.S.C. §3604(f)(1)(B) for its intentional refusal to make reasonable accommodations (handicap parking permit) when such accommodations are necessary to provide equal opportunity to use and enjoy the dwelling.

37.    As a result of the foregoing and intentional discrimination, Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff requests this Court enter a Judgment in favor of Plaintiff and against Defendant in an amount in excess of $100,000.00, plus costs and interest.

## COUNT II
## FAILURE TO PROVIDE REASONABLE
## ACCOMMODATION PURSUANT TO 42 U.S.C. §3604

38.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 above, as though fully set forth herein.

39.    Plaintiff suffers from a handicap.

40.    Defendant knew at the time of entering into her lease that Plaintiff suffered from a handicap.

41.    Defendant knew, after requiring Plaintiff to provide medical records in December 2013 that Plaintiff suffered from a handicap.

6

42. Plaintiff requested a reasonable accommodation, specifically reinstallation of a handicapped parking sign which Defendant removed during Plaintiff's tenancy, so that she would have an equal opportunity to use and enjoy her apartment.

43. Plaintiff on multiple occasions, requested the aforementioned reasonable accommodation.

44. Defendant however, without justification, refused to grant Plaintiff the reasonable accommodation until after the City of Wixom determined that Defendant failed to provide adequate BFD parking as required in front of Building No. 1 in which Plaintiff's apartment was located and only after requiring Plaintiff to provide personal medical records.

45. As a result of the foregoing, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff requests this Court enter a Judgment in favor of Plaintiff and against Defendant in an amount in excess of $100,000.00, plus punitive damages, costs and interest.

### COUNT III
### VIOLATION OF AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. §12131, *et seq.*

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 above, as though fully set forth herein.

47. Plaintiff suffers from a disability as that term is defined pursuant to 42 U.S.C. §12102(1).

48. Defendant, as a quasi-public entity by virtue of its acceptance of Section 8 Housing, is subject to the provisions of the Americans With Disabilities Act, 42 U.S.C. §12131 ("ADA").

49. Pursuant to the provisions of the ADA, Section 12182(b)(2), an entity subject to the ADA may not refuse to provide reasonable modifications for the benefit of an individual with a disability that would otherwise prevent that person from enjoying the full privileges and

7

accommodations of the facility.

50.    Defendant's refusal, despite request to make reasonable accommodations to Plaintiff denies
       Plaintiff the full use and enjoyment of the apartments.

51.    Further, Defendant's demands that Plaintiff "prove" her disability are also violative of the
       ADA.

52.    As a result of the foregoing, Plaintiff has suffered and continues to suffer damages.

       **WHEREFORE,** Plaintiff requests that this Court enter judgment in favor of Plaintiff and

against Defendant in an amount in excess of $100,000.00, plus punitive and compensatory damages

and award Plaintiff costs and attorney fees incurred.

                                        Respectfully Submitted,


Dated: ___July 27___, 2016        _____
                                        Margaret A. Robison, Plaintiff


## REQUEST FOR APPOINTMENT OF ATTORNEY

       Pursuant to 42 U.S.C. §3613(b)(1), Plaintiff requests this Court to appoint an attorney to

represent her interests and/or in the alternative, permit Plaintiff to proceed without the payment of

costs, fees or security.

                                        Respectfully Submitted,


Dated: ___July 27, 2016___        _____
                                        Margaret A. Robison, Plaintiff


8

accommodations of the facility.

50.     Defendant's refusal, despite request to make reasonable accommodations to Plaintiff denies

Plaintiff the full use and enjoyment of the apartments.

51.     Further, Defendant's demands that Plaintiff "prove" her disability are also violative of the

ADA.

52.     As a result of the foregoing, Plaintiff has suffered and continues to suffer damages.

        **WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and

against Defendant in an amount in excess of $100,000.00, plus punitive and compensatory damages

and award Plaintiff costs and attorney fees incurred.

                                Respectfully Submitted,

Dated: July 27, 2016

                                Margaret A. Robison, Plaintiff


## REQUEST FOR APPOINTMENT OF ATTORNEY

        Pursuant to 42 U.S.C. §3613(b)(1), Plaintiff requests this Court to appoint an attorney to

represent her interests and/or in the alternative, permit Plaintiff to proceed without the payment of

costs, fees or security.

                                Respectfully Submitted,

Dated: July 27, 2016

                                Margaret A. Robison, Plaintiff

8

# Exhibit A



2/28/2013

# Exhibit B



3/12/2013 1:30pm

# Exhibit C





# Exhibit D

Memo to File

File Name:  Robison, Margaret Ann v. Meadowood Park Apartments
HUD Case # 05-14-0056-8
Date:  11/13/2013
Subject:  Interview:  Kelly Zeisloft

Respondent's representative states that the property receives no direct federal assistance, that the property has provided some tax credits.  She states that they were prevented from posting a blue handicapped parking space designation as the parking space did not meet the accessibility guidelines.
For that reason the signs that they had posted were removed and replaced with a reserved sign for the tenant.  She states that management has offered to Complainant a nearby accessible parking space which is about thirty feet further from her space, but Complainant declined the space.

Zysoff states that the property has met the accessibility requirements with 2% of the parking spaces meeting the accessibility requirements.  She states that Complainant states that she needs a ramp, but that has not been documented by a medical professional.  She states that management has tried to accommodate the requests of Complainant and have responded to her.  If the office is opened Complainant has been informed to provide staff with notice that someone is in her parking space and that a tow company will be notified and the car removed.  If the office is not opened she has been informed to contact maintenance and they will make arrangements to have the car moved.  She states that Complainant wants the ability to have the person in her spot ticketed and towed by the police.  The issue would become that any person with a handicapped permit would be allowed to park in her space.
Complainant wants the ability to call the police and have the person that is in her spot ticketed and towed.

Zysoff states that the cost of the curb cut ranges from $1,000 to $1,600 depending on the season.  She states that her contact number is 810 210 6592.

# Exhibit E



39TH DISTRICT
STATE CAPITOL
P.O. BOX 30014
LANSING, MI 48909-7514
PHONE: (517) 373-1799
FAX: (517) 373-8361
E-MAIL: klintkesto@house.mi.gov

## MICHIGAN HOUSE OF REPRESENTATIVES

# KLINT KESTO
### STATE REPRESENTATIVE

November 6, 2014

Dear Marge,

I am sincerely sorry for the way that you have been treated in the Meadowood Park Apartments.   I personally called Dennis from the City of Wixom Building Department to discuss this matter.  It is my opinion that filing a complaint in the U.S. District Courts against Meadowood Park Apartments is the next right step in this matter. Failing to provide the handicapped spaces is unacceptable and there needs to be a zero- tolerance of abuse towards the handicapped. I hope this letter will help you in resolving this matter.

Sincerely,

State Representative Klint Kesto

Recycled
Paper

# Exhibit F

September 24, 2014

To Whom It May Concern:

November, 2013, I came home in the evening to witness, Margaret Robison waiting for the maintenance man, George Moses, to come and get a tenant parked out of her "reserved" parking space. George did state, "You need to play nice with the new neighbor."

I also been harassed with my handicapped parking "reserved" spot.  George Moses also had to come out at night to get a person out of my "reserved" parking spot.  He even stated to me, "Can't you park in another spot?"  No maintenance personnel should not be in charge of handicapped parking.  The police should have been involved but because it was not a "handicapped" parking spot they could not interfere.  It was a conflict of interest because some residents who had handicapped parking, also worked in the office. George Moses is still employed at Meadowood Park Apartments (new owner).

I also was forced to turn over my medical records to the landlord in order to get a handicapped parking spot.  I believe that myself, and Margaret Robison were the only two residents that had to comply to their requests.  Since then, I have moved out of the complex.

When I moved in I also requested to have handicapped parking.  I asked for a "handicapped for resident only" with a permit number on it, and was told, "that sign is against the law."  Upon research, there is no such law. I also was told that I would have to pay $250.00 to have it.  I believe that no handicapped person should have to pay for parking when it should have been already been to code.  It was not fair that other handicapped tenants did not have to pay for their handicapped parking.

If you need any further information, please feel free to contact me at 248-378-0468.

Lachrisha Howes

# Exhibit G



June 2, 2015


Margaret Robison
27084 Meadowood Drive #203
Wixom, MI 48393

**Re:    Freedom of Information Act Request dated May 26, 2015 regarding Meadowood Park Apartments**

Dear Ms. Robison:

This letter is being sent in response to the Freedom of Information Act request received by the City of Wixom on May 26, 2015; with regard to the Building Official's investigation of Meadowood Park Apartments in Wixom, Michigan for handicapped parking spaces dated November 2013.

Your request was forwarded to the Wixom Building Department for the necessity of searching for, collecting, examining, reviewing and copying of files. It was determined on November 18, 2013 a file was opened for Meadowood Park Apartments because there was not enough Barrier Free Design (BFD) parking as required in front of the Building #1. On November 25, 2013, the BFD sidewalk cut was completed; and on December 3, 2013 the last inspection was performed. This status was closed on December 3, 2013. Please refer to the Off Street Parking Enforcement Report and picture that I have attached to this letter for more information.

If you have any further questions or concerns regarding this matter please contact our office at (248) 624-4557.

Sincerely,

Crystal Opalko
Deputy City Clerk

cc:    Dennis Smith, Building Department
       Clarence Goodlein, Acting City Manager


City Clerk's Office – 49045 Pontiac Trail – Wixom, MI 48393

# Exhibit H



**CONCORD**
**MANAGEMENT LIMITED**

November 25th, 2013

Dr. Robert Shaner
10985 Middlebelt Road
Livonia Michigan 48150

Attention:   Dr. Shaner

RE:   Request for Reasonable Accommodation
         Margaret A. Robison
         Meadowood Park Apartments

The Fair Housing Act defines disability as a physical or mental impairment that substantially limits one or more major life activities. The Supreme Court has determined that to meet this definition a person must have an impairment that prevents or severely restricts the person from doing activities that are of central importance in most peoples' daily lives, such as seeing, hearing, speaking, walking, breathing, working, thinking, or caring for oneself.

The above resident has requested a reserved parking space due to a disability; the community offers two different types of reserved parking:

1) A reserved parking space located as close as possible to the resident's apartment home which provides a shorter walking distance to the apartment home without a curb cut / ramp and access aisle?
Or

2) A fully accessible reserved parking space that has a curb cut / ramp and access aisle that is located along an accessible path to the building in which the resident resides?

In order to ensure the resident receives the parking accommodation please indicated the following:

Is this resident disabled as defined by the Fair Housing Act? ☑ Yes   ☐ No

If yes, what type of parking space would be needed to benefit the resident?     ☐ Type 1 – Reserved parking space close to their apartment home.

☑ Type 2 – Reserved parking space with a curb cut /ramp and access aisle.

*I hereby certify that the information above is true and correct. I understand that Section 1001 of Title 18 of the U.S. Code makes it a criminal offense to make willful false statements or misrepresentations to any Department or Agency of the United States as to any matter within its jurisdiction.*

Signature of Verifier: _R.L. Shaner DC_   Date: _12-4-13_

Printed Verifier Name: _Robert M Shaner P.C_   Title: _D.C. Physicians_

Address: _10985 Middlebelt_   Phone: _734 427 3550_



21800 Haggerty Road, Suite 220 • Northville, MI 48167
Phone: 248.344.2598 • Fax: 248.344.2749 • www.concordrents.com

7


MANAGEMENT LIMITED

PROPERTY STAMP

## REASONABLE ACCOMMODATIONS/MODIFICATIONS
## VERIFICATION FORM

TO: (Firm/Name, Address, Phone No., and Fax No. of Verifier)

DR. ROBERT SHANER

10985 Middlebelt Rd

Livonia, MI 48150

Phone Number: 734-427-3550

Fax Number: 734-422-5567

RE: MARGARET A. ROBISON

Employee/Applicant/Resident Name

RETURN THIS FORM BY FAX OR MAIL
TO:

Community Name: Meadowood Park

Community Address: 27059 Meadowood

WIXOM, MI 48393

Phone Number: 248-344-7123

Fax Number: 248-344-7187

Meadowood Park provides reasonable accommodations and modifications for our residents with disabilities who have a verifiable need for such accommodations and modifications. A reasonable accommodation is an exception made to the usual rules or policies that is **made necessary because of a disability** for the resident to use and enjoy an apartment community. A reasonable modification is the physical alteration of the resident's apartment home or a common area space **made necessary because of a disability**. Our resident has authorized you to provide the information requested on this form.

Resident's Name & Address: MARGARET A. ROBISON 27084 MEADOWOOD DR #203

LIVINIUM MI 48393

Specific Accommodation or Modification Requested: RESERVED HANDICAPPED Resident

Only with PERMIT NUMBER ON - CURRENT DUE HANDICAPPED

Parking Space

Signature of Resident: Margaret A Robison

*This signature authorizes the verifier to provide answers to the questions below to the best of his/her knowledge of this resident.*

1. The Fair Housing Act defines disability as a physical or mental impairment that **substantially limits** one or more major life activities. The Supreme Court has determined that to meet this definition a person must have **an impairment that prevents or severely restricts the person from doing activities that are of central importance in most peoples' daily lives.**

**Is this resident disabled as defined by the Fair Housing Act?** ☑ Yes ☐ No

*If yes, please complete the section below; if no, please skip to question 2.*

I certify that MARGARET ROBISON has a disability which meets the definition above. I verify that this request is directly related to his/her disability and is necessary to afford him/her the opportunity to access housing, maintain housing, or fully use/enjoy housing. (Necessary indicates necessity as opposed to only the matter of convenience or preference).

Please describe how the accommodation/modification is necessary and how the request relates to the disability:

THIS PATIENT HAS A SPINAL CONDITION WHICH LIMITS HOW

FAR SHE CAN WALK AND NEUROPATHY WHICH LIMITS HER ABILITY

TO WALK. THESE CHANGES WILL GIVE HER THE FREEDOM TO GET

TO AND FROM HER AUTOMOBILE AND HER APARTMENT

2. Are you willing to testify in a court of law concerning the information provided above? ☑ Yes ☐ No

*I hereby certify that the information above is true and correct. I understand that Section 1001 of Title 18 of the U.S. Code makes it a criminal offense to make willful false statements or misrepresentations to any Department or Agency of the United States as to any matter within its jurisdiction.*

Signature of Verifier: R. Shaner DC   Date: 12-4-13

Printed Verifier Name: ROBERT M SHANER D.C   Title: D.C

Address: 10985 MIDDLEBELT   Phone: 734 427 3550

LIVONIA MI 48150

**REASONABLE ACCOMMODATIONS/MODIFICATIONS VERIFICATION FORMS ARE NOT TO BE HAND CARRIED – PLEASE RETURN THIS FORM TO THE COMMUNITY LISTED ABOVE BY MAIL OR FAX**



PROPERTY STAMP

## REASONABLE ACCOMMODATIONS/MODIFICATIONS VERIFICATION FORM

TO: (Firm/Name, Address, Phone No., and Fax No. of Verifier)

Sean Coyle MD

19335 Merriman Rd

Livonia MI 48152

Phone Number: 248-474-4900

Fax Number: 248-474-3278

RE: MARGARET A. ROBISON
Employee/Applicant/Resident Name

**RETURN THIS FORM BY FAX OR MAIL TO:**

Community Name: Meadowood Park

Community Address:
27059 Meadowood
Wixom MI 48393
Phone Number: 248-344-7123
Fax Number: 248-344-7187

Meadowood Park provides reasonable accommodations and modifications for our residents with disabilities who have a verifiable need for such accommodations and modifications. A reasonable accommodation is an exception made to the usual rules or policies that is made necessary because of a disability for the resident to use and enjoy an apartment community. A reasonable modification is the physical alteration of the resident's apartment home or a common area space made necessary because of a disability. Our resident has authorized you to provide the information requested on this form.

Resident's Name & Address: MARGARET A. ROBISON 27084 MEADOWOOD DR #203 WIXOM. MI 48393

Specific Accommodation or Modification Requested: Reserved Handicapped Sign for Resident only w/ permit number curb cut out Her Handiapped space according to disability guidelines

Signature of Resident: Margaret a Robison

*This signature authorizes the verifier to provide answers to the questions below to the best of his/her knowledge of this resident.*

1. The Fair Housing Act defines disability as a physical or mental impairment that **substantially** limits one or more major life activities. The Supreme Court has determined that to meet this definition a person must have an impairment that prevents or severely restricts the person from doing activities that are of central importance in most peoples' daily lives.

   **Is this resident disabled as defined by the Fair Housing Act?** ☑ Yes ☐ No

   *If yes, please complete the section below; if no, please skip to question 2.*

   I certify that Margaret Robison has a disability which meets the definition above. I verify that this request is directly related to his/her disability and is necessary to afford him/her the opportunity to access housing, maintain housing, or fully use/enjoy housing. (Necessary indicates necessity as opposed to only the matter of convenience or preference).

   Please describe how the accommodation/modification is necessary and how the request relates to the disability:

   difficulty w/ walking due to neuropathy

2. Are you willing to testify in a court of law concerning the information provided above? ☑ Yes ☐ No

*I hereby certify that the information above is true and correct. I understand that Section 1001 of Title 18 of the U.S. Code makes it a criminal offense to make willful false statements or misrepresentations to any Department or Agency of the United States as to any matter within its jurisdiction.*

| | | |
|---|---|---|
| Signature of Verifier: | M D | Date: 11-25-13 |
| Printed Verifier Name: | | Title: Sean P. Coyle, M.D. |
| Address: | | Phone: New Horizons Medical Center PC |

New Horizons Medical Center PC
19335 Merriman Road
Livonia, MI 48152
248-474-4900

REASONABLE ACCOMMODATIONS/MODIFICATIONS VERIFICATION FORMS ARE **NOT** TO BE HAND CARRIED -- PLEASE RETURN THIS FORM TO THE COMMUNITY LISTED ABOVE BY MAIL OR FAX.

USA 19.50 (9.12.11)



**MANAGEMENT LIMITED**

November 25th, 2013

Dr. Sean Coyle
19335 Merriman Road
Livonia, Michigan 48152

Attention:      Dr. Coyle

RE:             Request for Reasonable Accommodation
                Margaret A. Robison
                Meadowood Park Apartments

The Fair Housing Act defines disability as a physical or mental impairment that substantially limits one or more major life activities. The Supreme Court has determined that to meet this definition a person must have an impairment that prevents or severely restricts the person from doing activities that are of central importance in most peoples' daily lives, such as seeing, hearing, speaking, walking, breathing, working, thinking, or caring for oneself.

The above resident has requested a reserved parking space due to a disability; the community offers two different types of reserved parking:

1)   A reserved parking space located as close as possible to the resident's apartment home which provides a shorter walking distance to the apartment home <u>without</u> a curb cut / ramp and access aisle?

Or

2)   A fully accessible reserved parking space that has a curb cut / ramp and access aisle that is located along an accessible path to the building in which the resident resides?

In order to ensure the resident receives the parking accommodation please indicated the following:

Is this resident disabled as defined by the Fair Housing Act? ☒ Yes   ☐ No

If yes, what type of parking space would be needed to benefit the resident?        ☒ Type 1 – Reserved parking space close to their apartment home.

                                                                                   ☐ Type 2 – Reserved parking space with a curb cut /ramp and access aisle.

*I hereby certify that the information above is true and correct. I understand that Section 1001 of Title 18 of the U.S. Code makes it a criminal offense to make willful false statements or misrepresentations to any Department or Agency of the United States as to any matter within its jurisdiction.*

Signature of Verifier: _____        Date: __12/2/13__

Printed Verifier Name: _____        Title: _____

Address: _____        Phone: _____

*Sean P. Coyle, M.D.*
*New Horizons Medical Center*
*19335 Merriman Road*
*Livonia, MI 48152*
*248-474-4900*


SCANNED

12-03-13
gmv





CERTIFIED MAIL

M.A. Robson
27084 Meadowood Dr #203
Wixom, MI 48393

7015 0640 0002 9688 4400

RETURN RECEIPT
REQUESTED

U.S. POSTAGE PAID
NORTHVILLE, MI
48167
JUL 27, 16
AMOUNT
$9.59
R23038100159-17

1005    48226



FIRST CLASS



JUL 28 2016

CLERK'S OFFICE
U.S. DISTRICT COURT

U.S. District Court East Dist. of MI
Theodore Levin Courthouse
231 W. Lafayette Blvd
Detroit, Michigan 48226

**Photos - Do Not Bend  / Photos – Ne pas plier**



100% Recyclable

Made in Canada
Fabriquée au Canada